IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **MESA DIGITAL, LLC,**<br>    Plaintiff,<br><br>v.<br><br>**CONSUMER CELLULAR, INC.,**<br>    Defendant | Civil Action No. 7:24-cv-00303<br><br><br>JURY TRIAL DEMANDED |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Mesa Digital, LLC ("Mesa") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 9,031,537 ("the '537 patent") (referred to as the "Patent-in-Suit") by Consumer Cellular, Inc. ("Consumer Cellular" or "Defendant").

### I.   THE PARTIES

1. Plaintiff is a Limited Liability Company with its principal place of business located 6605 Uptown Boulevard NE, Suite 240, Albuquerque NM 87110.

2. On Information and belief, Defendant is a corporation organized and existing under the laws of the Arizona with a principal office in Scottsdale, Arizona at 9363 E Bahia Drive, Scottsdale, AZ 85260 and a regular and established places of business in this District at 19101 Limestone Commercial Dr Number 300, Pflugerville, TX 78660. https://www.consumercellular.com/retailstores?srsltid=AfmBOope-Cp54teJ6pWIYxA9RcG3qesED8ccrtCPSsqWbeeI43P-TiAf Defendant is registered to do business in Texas and has may be served via its registered agent, Corporation Service Company, 8825 N. 23rd Avenue, Suite 100, Phoenix, Arizona 85021, at its place of business, or wherever else they may be found.

## II.   JURISDICTION AND VENUE

3. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

## III.   INFRINGEMENT - Infringement of the '537 Patent

6. On May 12, 2015, U.S. Patent No. 9,031,537 ("the '537 patent", included as Exhibit A and part of this complaint) entitled "Electronic wireless hand held multimedia device" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '537 patent by assignment.

7. The '537 patent relates to novel and improved methods, systems and processes for electronic wireless hand held multimedia device including a microprocessor and more than one

wireless transceiver modules enabling wireless communications over a variety of standards for the retrieval, processing and delivery of multimedia data to/from remote data resources.

8. Defendant maintained, operated, and administered systems, products, and services that infringed one or more of claims 1-37 of the '537 patent, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '537 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it. Defendant has known of the '537 patent from at least the filing date of the lawsuit[1].

9. Support for the allegations of infringement may be found in the chart attached as exhibit B. These allegations of infringement are preliminary and are therefore subject to change.

10. Defendant has caused Plaintiff damage by direct infringement of the claims of the '537 patent.

## IV.    CONDITIONS PRECEDENT

11. Plaintiff has never sold a product. Upon information and belief, Plaintiff predecessor-in-interest has never sold a product. Plaintiff is a non-practicing entity, with no products to mark. Plaintiff has pled all statutory requirements to obtain pre-suit damages. Further, all conditions precedent to recovery are met. Under the rule of reason analysis, Plaintiff has taken reasonable steps to ensure marking by any licensee producing a patented article.

12. Plaintiff and its predecessors-in-interest have entered into settlement licenses with several defendant entities, but none of the settlement licenses were to produce a patented article, for or

---

[1] Plaintiff reserves the right to provide an earlier date of Notice if revealed in discovery.

under the Plaintiff's patents. Duties of confidentiality prevent disclosure of settlement licenses and their terms in this pleading but discovery will show that Plaintiff and its predecessors-in-interest have substantially complied with Section 287(a). Furthermore, each of the defendant entities in the settlement licenses did not agree that they were infringing any of Plaintiff's patents, including the Patents-in-Suit, and thus were not entering into the settlement license to produce a patented article for Plaintiff or under its patents. Further, to the extent necessary, Plaintiff will limit its claims of infringement to method claims and thereby remove any requirement for marking.

13. To the extent Defendant identifies an alleged unmarked product produced for Plaintiff or under Plaintiff's patents, Plaintiff will develop evidence in discovery to either show that the alleged unmarked product does not practice the Patents-in-suit and that Plaintiff has substantially complied with the marking statute. Defendant has failed to identify any alleged patented article for which Section 287(a) would apply. Further, Defendant has failed to allege any defendant entity produce a patented article.

14. The policy of § 287 serves three related purposes: (1) helping to avoid innocent infringement; (2) encouraging patentees to give public notice that the article is patented; and (3) aiding the public to identify whether an article is patented. These policy considerations are advanced when parties are allowed to freely settle cases without admitting infringement and thus not require marking. All settlement licenses were to end litigation and thus the policies of §287 are not violated. Such a result is further warranted by 35 U.S.C. §286 which allows for the recovery of damages for six years prior to the filing of the complaint.

15. For each previous settlement license, Plaintiff understood that (1) the settlement license was the end of litigation between the defendant entity and Plaintiff and was not a license where the defendant entity was looking to sell a product under any of Plaintiff's patents; (2) the settlement

license was entered into to terminate litigation and prevent future litigation between Plaintiff and defendant entity for patent infringement; (3) defendant entity did not believe it produced any product that could be considered a patentable article under 35 U.S.C. §287; and, (4) Plaintiff believes it has taken reasonable steps to ensure compliance with 35 U.S.C. §287 for each prior settlement license.

16. Each settlement license that was entered into between the defendant entity and Plaintiff was negotiated in the face of continued litigation and while Plaintiff believes there was infringement, no defendant entity agreed that it was infringing. Thus, each prior settlement license reflected a desire to end litigation and as such the policies of §287 are not violated.

## V. JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. enter judgment that Defendant infringed the claims of the '537 patent;

b. award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the Patents-in-Suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e.     declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284; and,

f.     award Plaintiff such other and further relief as this Court deems just and proper.

    Respectfully submitted,

    **Ramey LLP**

    */s/ William P. Ramey, III*
    William P. Ramey, III
    Texas Bar No. 24027643
    wramey@rameyfirm.com
    5020 Montrose Blvd., Suite 800
    Houston, Texas 77006
    (713) 426-3923 (telephone)

    ***Attorneys for Mesa Digital, LLC***